IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCUS JOSEPH EVERETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 120-099 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner, an inmate at Edgefield Federal Correctional Institution in Edgefield, South

Carolina, filed with this Court an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence.  Petitioner raises one ground for relief – an ineffective assistance of counsel

claim based on his attorney's failure to file an appeal after he instructed her to do so.  (Doc. no.

81, p. 4; doc. no. 82); see Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995)

("[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the

defendant to an out-of-time appeal, even without a showing that there would have been any

viable grounds for an appeal."); see also Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000)

(holding that it is professionally unreasonable for an attorney to fail to follow a defendant's

express instructions with respect to an appeal).

Petitioner attests as true under penalty of perjury pursuant to 28 U.S.C. § 1746, he asked

his attorney, Melissa Bray, to appeal his sentence.  (Doc. no. 82-1, p. 2.)  Petitioner states as

follows:  "After sentencing, I requested Ms. Bray to appeal my sentence and she assured me that

she would.  Ms. Bray abandoned the appeal, and never filed a direct appeal in my case.  I wanted

to appeal my case, but Ms. Bray would not appeal the case as I requested." (Id.)  Neither his supporting memorandum nor his Declaration in support of his motion provide any details about the timing or substance of any conversations with his attorney.

The government argues Petitioner is not entitled to relief.  (See doc. no. 84.)  The government submitted a Declaration from Ms. Bray stating the following.  Ms. Bray spoke to Petitioner on January 30, 2024, immediately after his federal sentencing, and Petitioner opted not to appeal his sentence.  (Doc. no. 84-1, p. 2.)  Petitioner contacted her a few days later, dissatisfied with the sentence reduction he received, and she advised him that he did not have a valid reason to appeal based on the facts of his case and terms of his plea agreement.  (Id.) Petitioner told Ms. Bray he wanted to think about filing an appeal.  (Id.)  A few days after that, Ms. Bray spoke to Petitioner about requesting an extension of his report date and during this conversation, Ms. Bray asked whether Petitioner wanted to appeal his sentence.  (Id. at 2-3.) Petitioner affirmed he did not want to file an appeal and no further conversations about an appeal took place.  (Id. at 3.)

Moreover, Petitioner's plea agreement provides Petitioner "entirely waives his right to a direct appeal of his conviction and sentence on any ground" unless his sentence was (1) above the statutory maximum, (2) above the advisory guidelines range, or (3) the government appealed the sentence.  (Doc. no. 31, p. 7).  Absent one of those exceptions, none of which occurred, Petitioner "explicitly and irrevocably instruct[ed] his attorney not to file an appeal."  Id.

Because of the lack of detail by Petitioner concerning the claim relating to his appeal rights, in particular the specific timing and manner in which Petitioner conveyed his appeal wishes, the Court finds it necessary to require a sworn declaration concerning the exact nature of his lost-appeal claim before deciding whether an evidentiary hearing is necessary.  He should

detail the circumstances of his discussions with counsel regarding an appeal, and should provide

details as to the timing and manner in which he directed counsel to file an appeal, *i.e.*, when,

where, and how did Petitioner instruct counsel to file an appeal.  Petitioner should not include

any legal argument but must only provide the *facts* forming the basis for his lost-appeal claim.

The Court cautions Petitioner that litigants who lie to this Court may be prosecuted.  As

explained in another case in this Court in this same context:

> Lying under oath, either live or "on paper," is illegal.  See United States v. Roberts, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); United States v. Dickerson, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in Irick v. United States, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); see also Colony Ins. Co. v. 9400 Abercorn, LLC, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

Mingo v. United States, CV 614-099, doc. no. 2, p. 4 n.5 (S.D. Ga. Sept. 22, 2015).

Therefore, within twenty-one days of the date of this Order, Petitioner must – on the

attached form – provide the details of the exact nature of his lost-appeal claim.  If Petitioner fails

to comply, his lost-appeal claim, his sole claim raised in his amended § 2255 motion, may be

denied for lack of factual foundation.

SO ORDERED this 3rd day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCUS JOSEPH EVERETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 120-099 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MARCUS JOSEPH EVERETT'S STATEMENT**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, the foregoing is true and correct, and this was placed in my prison's mailing system on _____, 2025.**

_____

**Marcus Joseph Everett**