IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARCUS JOSEPH EVERETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CR 120-099 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's original § 2255 motion be **DENIED AS MOOT**, (doc. no. 77), Petitioner's amended Petitioner's § 2255 motion be **DENIED**, (doc. no. 81), this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.   **BACKGROUND**

  A.   **Indictment and Pretrial Proceedings**

On November 5, 2020, the grand jury in the Southern District of Georgia charged Petitioner in a three-count indictment as follows: one count of possession with intent to distribute controlled substances (cocaine and marihuana) under 21 U.S.C. § 841(a)(1); one count of possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c); and one count of possession of firearms by a prohibited person under 18 U.S.C. § 922(g)(1).  (Doc. no. 1.)

Petitioner faced up to a twenty-year sentence of imprisonment for Count One, a mandatory and consecutive sentence not less than five years but not more than life in prison for the firearm charge in Count Two, and up to a ten-year sentence of imprisonment for Count Three. (Doc. no. 2.) The Court appointed attorney Melissa C. Bray to represent Petitioner. (Doc. nos. 11.)

### B.    Guilty Plea

Pursuant to a written Plea Agreement, Petitioner pled guilty to Count One on February 16, 2022. (Doc. nos. 30, 31.)

In exchange, the government agreed to: (1) move for an additional one-level reduction under the Sentencing Guidelines if the Court determined Petitioner qualified for an adjustment under U.S.S.G. § 3E1.1.(a), and Petitioner's offense level was sixteen or greater prior to the operation of § 3E1.1.(a), and (2) move to dismiss at sentencing all other Counts of the indictment pending against Petitioner. (Doc. no. 31, p. 3-4.)

Petitioner's plea agreement contained the following factual bases for his guilty plea:

> On or about May 8, 2020, in Richmond County, within the Southern District of Georgia, the defendant, MARCUS JOSEPH EVERETT, did knowingly and intentionally possess with intent to distribute, a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance and did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1).

(Id. at 2.) With his signature on the Plea Agreement, Petitioner "stipulate[d] that the factual basis set out therein is true and accurate in every respect." (Id. at 11.) By signing the Plea Agreement, Petitioner also "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum, (2) sentenced him above the advisory Sentencing Guidelines range, (3) or the government

2

appealed the sentence. (Id. at 7.) Absent one of those three conditions, "[Petitioner] explicitly and irrevocably instruct[ed] his attorney not to file an appeal." (Id.) Further, Petitioner waived his right to collaterally attack his conviction and sentence on any ground other than ineffective assistance of counsel. (Id.) Moreover, Petitioner agreed he read and carefully reviewed the plea agreement with his attorney, understood each provision, voluntarily agreed to it, and attested Ms. Bray "represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney." (Id. at 9, 11.) Chief United States District Judge J. Randal Hall accepted the plea agreement on February 16, 2022. (Doc. nos. 29-31.)

    **C.    Sentencing**

The United States Probation Office prepared a Presentence Investigation Report ("PSI"), which set Petitioner's Total Offense Level at twenty-nine with criminal history category of VI and a Guidelines imprisonment range of 151 and 188 months. (PSI ¶ 72.) After enhancements and adjustments, Petitioner's base offense level of fourteen increased to thirty-two, and Petitioner received a three-level reduction as follows: (1) two levels under USSG § 3E1.1(a) because Petitioner clearly demonstrated acceptance of responsibility and (2) one level under USSG §3E1.1(b) because Petitioner assisted the government by providing timely notification of his intention to accept a plea deal. PSI ¶¶ 15-24.

The statutory maximum term of imprisonment for Count One was twenty years. PSI ¶ 71. Neither the government nor Petitioner raised objections to the PSI, and the sentencing occurred on January 30, 2024. (Doc. no. 67.) Judge Hall sentenced Petitioner to serve a 115-month term of imprisonment, the very bottom of the Guidelines range. (Doc. no. 71.) Judge Hall also sentenced Petitioner to three years supervised release, a $1,500 fine, and a $100

3

Special Assessment.  (Id.)  Petitioner did not file a direct appeal.

### D. § 2255 Proceeding

On September 17, 2024, Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence.  On September 24, 2024, Petitioner filed a motion to withdraw the original § 2255 motion and to file an amended § 2255 motion.  (Doc. no. 79.)  The Court granted Petitioner's motion as to the request to amend his § 2255 motion.  (Doc. no. 80.)  On October 25, 2024, Petitioner filed his amended § 2255 motion to vacate, set aside, or correct his sentence. (Doc. no. 81.)  Because Petitioner's amended § 2255 motion supersedes and replaces the petition originally submitted, Petitioner's original § 2255 motion should be **DENIED AS MOOT**.  (Doc. no. 77.)

Petitioner's amended motion and accompanying brief raises one claim, in which Petitioner asserts Ms. Bray did not file an appeal after he instructed her to do so.  (Doc. nos. 81, 82.)  Specifically, Petitioner states as follows:  "After sentencing, I requested Ms. Bray to appeal my sentence and she assured me that she would.  Ms. Bray abandoned the appeal, and never filed a direct appeal in my case.  I wanted to appeal my case, but Ms. Bray would not appeal the case as I requested."  (Doc. no. 82-1, p. 2.)  However, none of the materials submitted in support of Petitioner's motion provide any details about the timing or substance of any conversations with his attorney.  (See id.)

On December 20, 2024, Respondent responded in opposition to Petitioner's amended motion, contending Ms. Bray did not render ineffective assistance of counsel because Ms. Bray thoroughly informed Petitioner of his right to appeal and, following that discussion, Petitioner instructed Ms. Bray not to file an appeal.  (See doc. no. 84.)  As support for their contention, Respondent provided a sworn Declaration from Ms. Bray, describing her interactions with

Petitioner concerning his appellate rights. (Doc. no. 84-1.) According to the Declaration, Ms. Bray spoke to Petitioner on January 30, 2024, immediately after his federal sentencing, and Petitioner opted not to appeal his sentence. (Id. at 2.) Petitioner contacted her a few days later, dissatisfied with the sentence reduction he received, and she advised him that he did not have a valid reason to appeal based on the facts of his case and terms of his plea agreement. (Id.) Petitioner told Ms. Bray he wanted to think about filing an appeal. (Id.) A few days after that, Ms. Bray spoke to Petitioner about requesting an extension of his report date and during this conversation, Ms. Bray asked whether Petitioner wanted to appeal his sentence. (Id. at 2-3.) Petitioner affirmed he did not want to file an appeal and no further conversations about an appeal took place. (Id. at 3.)

In light of the conflicting statements by Petitioner and Ms. Bray, and the lack of factual detail provided by Petitioner concerning the facts underlying his lost-appeal claim, the Court ordered Petitioner to provide a sworn declaration containing the exact factual basis for his claim. (Doc. no. 85.) The Court further cautioned Petitioner that litigants who lie to this Court may be prosecuted and that failure to comply with the Court's Order could result in his claim being denied for lack of factual foundation. (Id. at 2 (quoting Mingo v. United States, CV 614-099, doc. no. 2, p. 4 n.5 (S.D. Ga. Sept. 22, 2015)).)

Petitioner timely responded to the Court's Order with a sworn declaration, stating:

> Your Honor,
> I agree with my attorney that we talked about filing an appeal, but I wasn't sure what to do. I don't know much about the law and I was confused. A "prison lawyer" told me to file that motion and it would help me get less time, but I didn't know it would get me or my lawyer into any trouble. She did a good job and tried to help me, so I want to be clear that she didn't do anything bad.
> I am sorry for wasting anyone's time and Court resources.

(Doc. no. 86.)

## II.  DISCUSSION

### A.  Petitioner's Burden Under <u>Strickland v. Washington</u>

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003); <u>United States v. Armstrong</u>, 546 F. App'x 936, 940 (11th Cir. 2013); <u>see also</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000) (holding that <u>Strickland</u> test applies to ineffective assistance claim alleging failure to file an appeal).  Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.  Under the prejudice prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

### B.  Petitioner Is Not Entitled to Relief on His Ineffective Assistance Claim Because He Did Not Ask Counsel to File an Appeal, and There Is No Dispute Counsel Otherwise Fulfilled Her Duty to Consult with Petitioner Concerning His Appellate Rights

Cases in which a criminal defendant explicitly instructs his attorney to file a notice of appeal are subject to a bright-line rule.  "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995); <u>see also</u> <u>Flores-Ortega</u>, 528 U.S. at 477-78 (holding it is professionally unreasonable for attorney to fail to follow defendant's express

6

appeal instructions). But even assuming Petitioner never instructed Ms. Bray to file an appeal, the inquiry does not end there.

All defense counsel have a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). Despite this general duty, the Supreme Court has specifically declined to adopt "a bright-line rule that counsel must always consult with the defendant regarding an appeal." Flores-Ortega, 528 U.S. at 480. Rather, taking into consideration the totality of the circumstances, counsel has a duty to consult regarding an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.

Here, in light of Petitioner's response to the Court's January 3rd Order, the Court finds no basis for relief on Petitioner's lost-appeal claim. First, there is no basis for finding Petitioner asked Ms. Bray to file an appeal. Ms. Bray, in a sworn declaration, recounts her repeated interactions with Petitioner in which he declined to file an appeal. (Doc. no. 84-1.) She also describes a period of a few days when Petitioner was uncertain about whether he wanted to file an appeal, but ultimately confirmed he did not want to file an appeal. (Id.) Petitioner's sworn statement is consistent with Ms. Bray's account, stating he "wasn't sure what to do" concerning his appeal rights, but confirming they "talked about filing an appeal" and Ms. Bray "did a good job" and "didn't do anything bad." (Doc. no. 86.) Based on these sworn statements, the Court finds Petitioner never instructed Ms. Bray to file an appeal.

Moreover, even if Petitioner did not specifically instruct Ms. Bray to file an appeal, the Court also finds Petitioner's ineffective assistance claim is meritless because Ms. Bray did consult with Petitioner about filing an appeal. In fact, Petitioner concedes this point, as he states he and Ms. Bray "talked about filing an appeal." (Doc. no. 86.) This is again consistent with Ms. Bray's sworn statement, in which she explains she "informed [Petitioner] that he had a right to file an appeal, and we discussed the advantages and disadvantages of doing so," "discussed his plea, the appeal waiver in his plea agreement, and the inapplicable exceptions," and "advise[d] him that he did not have a valid reason to appeal based on the facts and circumstances of his case and the terms of his plea agreement." (Doc. no. 84-1.) Accordingly, Ms. Bray fulfilled any duty she had to consult with Petitioner about filing an appeal, and Petitioner is not entitled to relief.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's original § 2255 motion be **DENIED AS MOOT**, (doc. no. 77), Petitioner's amended Petitioner's § 2255 motion be **DENIED**, (doc. no. 81), this case be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA